Jones, J.
 

 The testator had two sons, who are plaintiffs in error in this court, and one daughter, Mary, who is defendant in error. The will sought to be set aside was executed on August 29, 1924, the testator dying in the following October. A number of errors have been assigned in this court by the plaintiffs in error. Those chiefly relied on are: (a) That the court erred in charging the jury, and in refusing to charge as requested by plaintiffs in error, (b) Error in the rejection of testimony, (c) That there was no testimony of substantial probative value showing unsoundness of mind or undue influence, and that the verdict returned by the jury was the result of sympathy, passion, and prejudice. Of these claimed errors, the one which procured certification to this court, and which we regard as the most important, is that relating to the refusal of the court to “limit the admissibility of plaintiff’s exhibits and testimony as to the sayings and writings of the testator. ’ ’
 

 It appears from the record that the contestees,
 
 *511
 
 manifestly for the purpose of showing the continuous state of mind of the testator, offered in evidence six prior wills. These various wills had been executed by the testator in the years 1910,1914,1918, 1919, 1920, and 1928, and in each of those wills, except the will of 1918, where the daughter had been bequeathed a larger share of the estate than she received by the will of 1924, the two sons were made the chief beneficiaries of the testator’s property. The record discloses that after all the evidence had been taken, including the admission of the previous wills, and before argument, the court said to counsel on both sides:
 

 “I am going to add to the general charge, gentlemen, just a few lines. I will show it to you if you want to; if you will step up to the bench, I will show you what I am going to add. Let the record show there is an addition made. ’ ’
 

 The addition to his general charge, which the court called to the attention of counsel, and which was later incorporated in the general charge, was as follows:
 

 “The defendants have offered in evidence certain paper writings purporting to be wills executed by Patrick Sullivan previous to the will in controversy. These have been admitted in evidence as bearing upon the state of mind of the testator at the time of executing his last will and testament, and should be considered by you for no other purpose.”
 

 When the court called the attention of counsel in the case to that part of the charge which he proposed to give, counsel for the contestees said :
 

 “Your Honor will allow defendant a specific exception to the refusal of the charge to limit the ad
 
 *512
 
 missibility of plaintiff’s exhibits and testimony as to sayings and writings of the testator to the same effect, namely, as bearing on the state of mind of the testator. ’ ’
 

 The portion of the charge given is a correct statement of the law, and no objection seems to be made against it. The objection urged and relied on is based upon the refusal of the court to accede to the request of counsel for contestees to also limit the plaintiff’s exhibits and testimony as to sayings and writings of the testator, as bearing on his state of mind. It will be noted that the court was dealing merely with the previous paper writings which were admitted in evidence as bearing upon the testator’s state of mind. The limitation made related to specific evidence: namely, the prior wills. The court charged that they were admitted as bearing upon the testator’s state of mind “at the time of executing his last will.” ' When counsel for contestees made a request for a similar limitation of plaintiff’s testimony, they did not specify what exhibits or what testimony they desired to be likewise limited. They left the court in a situation where it had to grope through the entire evidence to select and determine
 
 sua sponte,
 
 what, if any, evidence should be so limited, Since defendants ’ counsel did not, at the time the testimony was admitted, request this limitation, had the court broadly complied with the request, by limiting generally the plaintiff’s exhibits and testimony, the jury would have been left in doubt as to what specific evidence the limitation would apply. It was only fair to the court, if there was testimony to be so limited, that the court’s attention should be called specifically thereto by coun
 
 *513
 
 sel, and they cannot now complain that prejudicial error resulted from their failure to make their request more specific.
 

 Plaintiffs in error allege that the trial court erred in excluding certain testimony. The will under attack was executed in August, 1924. In March, 1899, the defendant in error’s husband, one A. E. Cassidy, instituted an action in replevin, against the testator to recover certain household goods. In that action the testator testified. The record discloses that a part of the testator’s testimony taken by a stenographer was offered by the contestees, evidently for the purpose of showing the testator’s state of mind at the time of the replevin suit in 1899. This portion of the record was excluded, and we think properly so. A little more than a quarter of a century had expired since the testimony was given by the testator in the replevin suit. The testimony given in 1899 was too remote, and had but little or no evidentiary value in reflecting the state of. mind of the testator 25 years afterwards, when he executed his will. While we have not adverted to other errors presented, we find none committed by the trial court prejudicial to the plaintiffs in error.
 

 Counsel for plaintiffs in error strenuously urge that there was no testimony of probative value that would justify the verdict, and their brief is very largely confined to that feature of the case. The jury found for the plaintiff below. The trial court did not disturb'the verdict; neither did the Court of Appeals reverse the judgment setting aside the will, on the assigned ground that it was against the weight of the evidence. Since there was evidence offered by the plaintiff below tending to prove that'
 
 *514
 
 the paper writing in question was not the last will and testament of the testator, we do not feel ourselves justified in disturbing the judgments of the courts below on either of the evidentiary features urged by counsel.
 

 Judgment affirmed.
 

 Allen, Kinkade, Robinson and Matthias, JJ., concur.